## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 21 2018, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Susan D. Rayl
Smith Rayl Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Justin Cooley, <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | February 21, 2018 <br><br> Court of Appeals Case No. <br> 49A02-1709-CR-2032 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Peggy Hart, Judge Pro Tem <br><br> Trial Court Cause No. <br> 49G05-1605-F4-20232 |

**Brown, Judge.**

[1] Justin Cooley appeals his sentence for burglary as a level 4 felony. He raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

## Facts and Procedural History

[2] In May 2016, Tanya Pender resided in an apartment with her twenty-two-year-old daughter who was eight months pregnant. Pender had been previously introduced to Cooley because he knew the father of her daughter's baby. Pender had also previously seen Cooley with Lakita Richardson who lived in the area.

[3] On May 17, 2016, Pender and her daughter left the apartment around 8:00 a.m. Pender saw Cooley standing outside when she came out the side door. When she returned to her apartment less than an hour later, she discovered that her television, Xbox, games, controllers, and movies as well as a bottle containing some change and a blanket were gone. She also noticed that the window to her apartment was open farther than when she left, realized she had been robbed, and called the police. After the police arrived, video surveillance from the apartment complex was retrieved, and Pender identified Cooley on the video. Subsequent to the incident, Pender had multiple encounters with Cooley in which he threatened her life.

[4] On May 25, 2016, the State charged Cooley with burglary as a level 4 felony and theft as a level 6 felony. On July 27, 2017, the court held a jury trial. Prior

to trial, the prosecutor offered that, if Cooley pled guilty to burglary, the State would agree to cap his total sentence at nine years and any executed portion at seven years. Cooley's counsel stated that the offer had not significantly changed and that "[t]he offer before was a cap of same 9 year term, cap of 6 on executed term." Transcript Volume II at 6. The prosecutor stated: "I'll give you that 6, I'll go back to the original cap of 6 years executed. I normally don't do day of trial change, but in fairness . . . ." *Id.* After some discussion, Cooley rejected the offer.

[5] Pender testified, identified Cooley on the video surveillance from the apartment complex, and stated that Cooley disappeared from sight on the video at the location of her daughter's window. She identified Cooley's girlfriend on the video exiting a car and running. She also identified Cooley exiting her apartment building on the video with her Xbox and controls "and everything else." *Id.* at 81. She also testified that she received some of her stolen property back. Pender testified that she had multiple encounters with Cooley after May 17, 2016, and stated:

> Every time I come out my door off of 34th Street he would threaten my life. Told me on God, he would shoot my house up. On Haughville he will shoot me up. On God, I would have to move. This is every time somebody walk down the street and I'm coming outside I seen him more after the burglary than I did before the burglary. Every time I come out my apartment somebody walking down the street, he would say, hey bro she a police ass b----, don't talk to her. She called the police on me. I should beat your mother f----- ass right now. And I guess the reason he didn't do it is because he knew cameras had actually

worked. So every time I got --- after a while I got tired of being --
- I started calling Detective Dunn because I don't have no
weapons to protect me and my pregnant daughter at that time.
So every time he came and threatened me I made sure I left a
message with Detective Dunn, and I told him something has to
be done. Because I am tired of him threatening me and my
child's life.

*Id.* at 86-87. She also testified that she moved out of the county because of the threats. The jury found Cooley guilty of burglary as a level 4 felony and theft as a class A misdemeanor.

[6] On August 8, 2017, the court held a sentencing hearing. The prosecutor asked the court to sentence Cooley to eleven years. Cooley's counsel asked for the advisory sentence of six years and for the court to consider alternative placement. Cooley stated:

My heart goes out to anybody that is a victim of any crime. I just
want to be there for my child, my first child. I feel like I'm
obligated to be there. I know I made some mistakes in my life.
I'm willing to step up to anything I did, but I also ask the Court
to take it into consideration, my own child, please.

Transcript Volume III at 20. The court found no mitigators and found Cooley's delinquent activity and history of criminal behavior as aggravators. It merged the conviction for theft as a class A misdemeanor and sentenced Cooley to eight years for burglary as a level 4 felony. The court also noted that Cooley could petition the court for a change of placement after he served six years.

## *Discussion*

The issue is whether Cooley's sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

Cooley argues there was nothing exceptional about the circumstances surrounding the burglary that would make it more or less egregious than any other burglary. With respect to his character, he asserts that his partner and co-defendant, Richardson, was due to have his first child on October 24, 2017, and that his earliest possible release date would be March 17, 2023, when his son will be five years old. He also argues that he testified at the sentencing hearing that "he was motivated to change his behavior due to the upcoming birth of his son and the responsibility it entails." Appellant's Brief at 11. He contends that "[i]t would appear that the motivation for this crime may have been due to financial difficulties." *Id.* He also asserts that the State offered a sentence of six years executed in its plea offer on the morning of trial and that that sentence would seem to be sufficient a month later on the day of sentencing.

The State points out that Cooley threatened Pender because she reported the crime to the police. It argues that Cooley's poor character supports his sentence and that he had been provided multiple opportunities to reform his behavior. It

also contends that we should decline to find his sentence inappropriate based upon Cooley's argument that the sentence initially offered by the State was less than the sentence he received and he failed to make a specific showing that his sentence was improperly influenced by his exercise of his right to a jury trial.

[10] Ind. Code § 35-50-2-5.5 provides that a person who commits a level 4 felony shall be imprisoned for a fixed term of between two and twelve years, with the advisory sentence being six years.

[11] Our review of the nature of the offense reveals that Cooley entered Pender's apartment and took a television, Xbox, games, controllers, movies, a bottle containing some change, and a blanket. Subsequent to the incident, Pender had multiple encounters with Cooley in which he threatened her life, and she moved out of the county because of the threats.

[12] Our review of the character of the offender reveals that as a juvenile Cooley was alleged to have committed disorderly conduct in 2003 and 2004. In 2005, he was alleged to have committed battery resulting in bodily injury, criminal trespass, and resisting law enforcement, and these allegations were dismissed. In 2006, allegations that Cooley had committed auto theft and criminal trespass were found true. In 2007, an allegation that Cooley committed unauthorized entry of a motor vehicle was found true. In 2008, allegations of auto theft, criminal trespass, theft, and two allegations of child molesting were dismissed, and an allegation of committing auto theft was found true. As an adult, Cooley was convicted of auto theft as a class D felony in 2008. In 2009, he was

convicted of carjacking as a class B felony, robbery resulting in bodily injury as a class B felony, and theft as a class D felony under separate cause numbers.

[13] The presentence investigation report ("PSI") indicates that Cooley was employed at the time of his arrest and had been previously employed in 2015 and 2016. He rated his financial situation as poor, but indicated that he did not worry about meeting basic needs. The PSI states that Cooley's overall risk assessment score using the Indiana Risk Assessment System places him in the high risk to reoffend category.

[14] After due consideration, we conclude that Cooley has not sustained his burden of establishing that his eight-year sentence is inappropriate in light of the nature of the offense and his character.

## *Conclusion*

[15] For the foregoing reasons, we affirm Cooley's sentence.

[16] Affirmed.

Baker, J., and Riley, J., concur.